JAMES P. SCOTT AND MARTHA V. SCOTT, HIS WIFE, PLAINTIFFS-RESPONDENTS, v. CAMDEN SERVICE STATIONS, INC., DEFENDANT-APPELLANT.

Submitted October 25, 1946—Decided January 17, 1947.

For the plaintiffs-respondents, *Samuel P. Hagerman.*

For the defendant-appellant, *Harry M. Mendell.*

The opinion of the court was delivered by

FREUND, J. This is an appeal from a directed judgment in favor of the plaintiffs and against the defendant.

The complaint alleges that the plaintiffs are the owners of a certain garage which, pursuant to an oral agreement, was leased to the defendant at a stipulated monthly rental. The plaintiffs further allege that the rent remained unpaid for 46 months, representing the sum of $1,891.24, and that the defendant paid on account thereof the sum of $1,396.24, leaving an unpaid balance of $495 for which latter sum the plaintiffs demand judgment. The defendant's answer makes a general denial and by separate defenses alleges that there was "no relationship of landlord and tenant" between the parties, that defendant "never agreed to pay any rent," and that the moneys paid monthly by the defendant to the plaintiffs "were in accordance with an agreement whereby the defendant, Camden Service Stations, Inc., was to pay for the construction of a building on the premises," which building was built above the ground and therefore the personal property of the defendant.

At the conclusion of the defendant's case, the court directed a verdict in favor of the plaintiffs for the unpaid rent.

The appellant states as a ground of appeal that the trial judge "directed a verdict in favor of the plaintiffs * * * over the objection of the said defendant, wherein the said trial judge should have submitted the cause to the jury for its verdict."

We think the court below erred in not permitting the matter to go to the jury, for the reasons to be presently stated.

The plaintiffs' cause of action is predicated upon the relationship of landlord and tenant. The defendant denies that the relationship of landlord and tenant ever existed between the parties.

The trial judge examined the defendant's witness, Mr. Montague, as follows: "No, the only thing we are concerned with here, this man says you owe him $495 rent. Now, you either owe it, or you don't, and if you don't owe it, tell us why you don't owe it. That is all we are interested in." The witness answered by testifying "There never was any agreement for the payment of rent. We agreed to buy the building in installments." There was other testimony submitted by the defense to show that the defendant was not the tenant of the plaintiffs, that the defendant did not receive any rent receipts from the plaintiffs and that there was no agreement with the plaintiffs to pay rent.

Obviously the testimony was conflicting, and conflicting testimony is always for the jury. It is apparent that a fact issue had been raised by the defense, and the court had no alternative but to submit the weight of the testimony to the jury for its consideration and determination. *Dickinson* v. *Erie Railroad Co.,* 85 *N. J. L.* 586; *Israel* v. *Travelers Insurance Co.,* 116 *Id.* 154; *Christine* v. *Mutual Grocery Co.,* 119 *Id.* 149. The trial judge is only justified in directing a verdict where the evidence is so conclusive that reasonable minds could not differ as to the result to be reached.

We have considered the other grounds of appeal but sufficient comment has been made to show that error was committed.

The judgment is accordingly reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 16.